UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ARNOLD J. KOZIKOWSKI,

                                             Case No.  05-73424

                    Plaintiff,

v.                                           District Judge Nancy G. Edmunds
                                             Magistrate Judge R. Steven Whalen

COMMISSIONER OF I.R.S. et al.,

        Defendant.

_____ /

## REPORT AND RECOMMENDATION

Before the Court are Defendant's *Motion to Dismiss* [Docket #6] and Plaintiff's *Motion to Transfer to Federal Claims Court* [Docket #8], which have been referred for Report and Recommendation pursuant to 28 U.S.C. §636(b)(1)(B).  For the reasons set forth below, I recommend that Defendant's motion to dismiss [Docket #6] be GRANTED IN PART AND DENIED IN PART, as follows: that it be GRANTED to the extent that it pertains to his tax deficiencies for the years 1996 and 1999, and DENIED as to the penalty incurred for the 1997 tax year.   Further, Plaintiff's motion to transfer this case to the Court of Federal Claims [Docket #8] should be DENIED.

-1-

# I.   FACTS

Plaintiff seeks judicial review of an IRS Appeals Office determination pertaining to collection of his unpaid federal income tax liabilities for the tax years 1996 and 1999, as well as a frivolous return penalty assessment made against him for his 1997 tax return.  He alleges that the Internal Revenue Service placed an "illegal" Notice of Federal Tax Lien and Levy on his social security for the months of April, May, and June, of 2004.   He alleges further that the IRS Appeals office hearing ("CDPH") failed to produce "any verification" that the IRS complied with its own administrative procedure prior to the January 21, 2005 hearing, thus violating his due process rights. *Amended Complaint* at 5.  On January 25, 2005, the Appeals office issued a Notice of Determination finding underlying tax liabilities for the years 1996 and 1999.  Defendant alleges that as of March 6, 2006 Plaintiff has an unpaid balance of $77,221.50 plus statutory additions and interest for the tax years 1996 and 1999, as well as an unpaid balance of $623.38, plus statutory additions and interest from March 13, 2006 for the frivolous return penalty assessed against him for the tax year 1997.

Plaintiff commenced this action on September 6, 2005, but failed to serve the Internal Revenue Service, the United States Attorney for the Eastern District of Michigan, or the Attorney General of the United States.  Plaintiff filed an Amended Complaint [Docket #2]on December 29, 2005 seeking damages of $98,693.65 for prior withholding, pension plan payments, social security distributions, and other payments.

# II.  STANDARD OF REVIEW

Fed. R. Civ. P. 12(b)(1) provides for dismissal of a complaint for lack of subject matter jurisdiction. When a defendant challenges subject matter jurisdiction, the plaintiff has the burden of proving jurisdiction in order to survive the motion. *Moir v. Greater Cleveland Regional Transit Authority*, 895 F.2d 266, 269 (6th Cir. 1990).

Fed.R.Civ.P. 12(b)(6) provides for dismissal of a complaint "for failure of the pleading to state a claim upon which relief can be granted." Rule 12(b) also provides that if, on consideration of a motion under paragraph (6), "matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56 (summary judgment)." In assessing a Rule 12(b)(6) motion, the court accepts the plaintiff's factual allegations as true, and asks whether, as a matter of law, the plaintiff is entitled to legal relief. *Rippy v. Hattaway,* 270 F.3d 416, 419 (6th Cir. 2001). "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hartford Fire Insurance Co. v. California*, 509 U.S. 764, 811, 113 S.Ct. 2891, 125 L.Ed.2d 612 (1993)(quoting *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

## III.    ANALYSIS

### A.  Tax Court

Pursuant to 26 U.S.C. §§ 6320(c), 6330(d),  Defendant argues that the Tax Court, rather than this Court, should  review the IRS's Appeals Office Notice of Determination pertaining to Plaintiff's 1996 and 1999 tax returns.  Defendant submits that dismissal is

appropriate on the basis that the Tax Court is the proper jurisdiction for these claims.

Jurisdiction over the judicial review of a Notice of Determination related to underlying tax liabilities lies exclusively with the United States Tax Court. 26 U.S.C. § 6330(d)(1). "To the extent that Plaintiff's claim involves a review of the amount of income tax liability incurred during the [relevant] tax years, this Court must dismiss such claims for lack of subject matter jurisdiction." *Yuen v. U.S.,* 290 F.Supp.2d 1220, 1222 (D.Nev. 2003). "The Sixth Circuit has held that 'the Tax Court has jurisdiction over income tax issues and liabilities thus, if the § 6330 proceeding involves income tax issues, the district court does not have jurisdiction to consider the case.'" *White v. U.S.,* 250 F.Supp.2d 919, 922 (M.D.Tenn.2003); *citing Diefenbaugh v. White,* WL 1679510, at *1 (6th Cir. 2000) (internal citations omitted).

*White* states further that "a procedural due process claim [pertaining to the underlying liability] is also properly brought in the Tax Court. . . . Tax Court has jurisdiction over claims involving a CDPH, and district courts do not." *Id.*; *See also Marino v. Brown;* 357 F.3d 143, 146 (1st Cir.2004); *Gillette v. United States,* 233 F.Supp.2d 874, 884 (W.D.Mich.2002); *Danner v. United States,* 208 F.Supp.2d 1166, 1171 (E.D.Wash.2002). Accordingly, this Court can consider neither Plaintiff's allegation that the CDPH was constitutionally deficient nor his contention that the hearing officer's determination of an underlying tax liability for the years 1996 and 1999 was erroneous.

**B.    Refund Suit**

-4-

Defendant also argues that if Plaintiff's claim pertaining to tax years 1996 and 1999 is construed as a tax refund suit, the Court lacks jurisdiction on the basis that he has an outstanding balance of $77,221.50 for those years as of March 6, 2006. In support of its argument that Plaintiff must pay the entire balance before filing a tax refund suit, Defendant cites *Flora v. United States*, 362 U.S. 145; *Martin v. Commissioner*, 753 F.2d 1358; 28 U.S.C. § 1346(a)(1).

Although pursuant to 28 U.S.C. § 1346(a)(1) this Court retains jurisdiction over a suit for a refund for any internal revenue tax assessed, in *Flora v. United States,* 362 U.S. 145, 80 S.Ct. 630, 4 L.Ed.2d 623 (1960), the Supreme Court held that federal courts lack jurisdiction under 28 U.S.C. § 1346(a)(1) where the taxpayer has not paid the full amount assessed, including interest and penalties. "[P]ursuant to 26 U.S.C. § 7422(a), payment of the disputed tax and the filing of a claim for a refund with the IRS are conditions precedent to suit." *Wofford v. U.S.,* WL 2436709, *2 (W.D.Tenn.2005) {citing to *Flora*).

Plaintiff denies that his present suit should be characterized as a "refund" action. *Response* [Docket #9] at 2. However, the prayer for relief from his *First Amended Complaint* specifically requests an award of $98,693.65 which has been withheld by the IRS from his "pension plan payments, social security distribution(s) and other payments." While Plaintiff does not use the word "refund," he clearly seeks recovery from the IRS for what he believes is an overpayment of taxes. *See Wofford*, *supra* at *2 ("to the extent the complaint is construed to seek a refund of a portion of the plaintiff's federal income taxes, it is subject to

dismissal, pursuant to Fed.R.Civ.P. 12(b)(1)"). *See also Nassar v. U.S.,* 792 F.Supp. 1040, 1045 (E.D.Mich.1992) (Gadola,  J.).

### C.   Economic Damages and Administrative Tort Claims

Pursuant to §26 U.S.C. §7433(d)(1); 26 C.F.R. § 301.7433(d)(1), Defendant also argues that Plaintiff's claim for economic damages fails as a result of his failure to exhaust his administrative remedies before filing suit.  Defendant points out that exhausting administrative remedies is a prerequisite to the United States' waiver of sovereign immunity, maintaining that Plaintiff's failure to exhaust creates a jurisdictional bar.

For similar reasons, Defendant  argues that the Court lacks jurisdiction to hear Plaintiff's claims under a theory of recovery for tort damages, asserting primarily that Plaintiff's claim is barred by his failure to allege that he filed an administrative tort claim. 28 U.S.C. § 2675; *see also McNeil v. United States*, 408 U.S. 106, 112-113, 113 S.Ct. 1980, 1983 - 1984, 124 L.Ed.2d 21(1993).  Defendant argues further that the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2680(c), is inapplicable to "[a]ny claim arising in respect of the assessment or collection of any tax,"  adding that Plaintiff's claim is further barred by the statutory prohibition on the recovery of damages for constitutional violations.  *FDIC v. Meyer*, 410 U.S. 471, 484-86 (1994); 28 U.S.C. § 2671, *et seq.*

I agree.  Assuming that as Plaintiff states, his suit can be characterized as one seeking damages for illegally assessed taxes, he again runs afoul of the requirement that he pay the

taxes assessed before filing suit.  Plaintiff cites  28 U.S.C. 1346 in  support his claim that this Court retains jurisdiction to hear his claim for  "erroneously or illegally assessed . . .  or in any manner wrongfully collected" taxes, but ignores the corresponding requirement that his taxes be paid in full before filing suit.  As noted above, he currently owes in excess of $77,221.50 in unpaid taxes for the years 1996 and 1999.  *See Flora, supra*;  28 U.S.C. § 1346(a)(1).

Plaintiff's claim as it relates to his dispute over tax years 1996 and 1999 suffers from additional deficiencies.  He relies on 26 U.S.C §7422(a) to demonstrate that he can seek damages against IRS outside of a "refund" action.  However, pursuant to 26 U.S.C. § 7433 (d) he has failed to demonstrate or even allege that he has exhausted the administrative remedies prerequisite to filing suit. *Kaiser v. U.S.,* WL 637344, *2  (W.D.Mich.,2000); *Fishburn v. Brown,* 125 F.3d 979, 982 (6th Cir.1997); *see also Williams v. United States,* 1998 WL 537579 (6th Cir. 1998).  Likewise, to the extent that Plaintiff seeks relief under the Federal Torts Claims Act ("FTCA"), his claim fails based on his failure to exhaust.  *McNeil v. U.S.*, 508 U.S. at 112-113, 113 S.Ct. at 1983 - 1984.  In addition, Plaintiff's *pro se* status does not exempt him from filing an administrative claim before proceeding to federal court.  "[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."  *Id.,* 508 U.S. 106, at 113, 113 S.Ct. at 1984.  "A jurisdictional prerequisite to maintenance of an FTCA action . . . is the filing of an administrative claim against the United States under 28 U.S.C.

-7-

§ 2675. . . .  In the absence of such allegations, sovereign immunity is not waived and the district court lacks jurisdiction." *Kaiser,* at *2*; citing to Lundstrom v. Lyng,* 954 F.2d 1142, 1145 (6th Cir.1991).

I note in closing that dismissing this portion of Plaintiff's action does not leave him bereft of options. If the district court adopts this recommendation to dismiss Plaintiff 's claims pertaining to his 1996 and 1999 returns,  he retains the option of refiling his suit in Tax Court. 26 U.S.C. 6330(d)(1) states that in the event "a court determines that the appeal was to an incorrect court, a person shall have 30 days after the court determination to file such appeal with the correct court."

### D.  1997 Tax Return

 Defendant concedes that this Court has jurisdiction to review an Appeals Office Notice of Determination relating to the frivolous return penalty for the tax year 1997, but argues that because Plaintiff does not indicate how the IRS Appeals Office abused its discretion, the claim should be dismissed.  Pursuant to Fed. R. Civ. P. 12(b)(6), Defendant points out that Plaintiff's contention that the penalty is mathematically incorrect argument is without merit since the flat amount authorized by statute is  $500.00.

In contrast to the Tax Court's exclusive jurisdiction in reviewing the determination of underlying tax liabilities, this Court retains jurisdiction to review the Appeals Office finding that Plaintiff filed a frivolous return in 1997.  *See Schultz v. U.S.,* 2000 WL 1155203, *2 (W.D.Mich.2005)(finding that the court had subject matter jurisdiction over Plaintiffs'

challenge to the $500 tax penalty, but not over any claim Plaintiffs may be asserting that they

have no tax liability for the years 2000 and 2001.).[1]   26 U.S.C.A. § 6702 (a) states in

pertinent part:

> "If . . . .
> (1) any individual files what purports to be a return of the tax imposed by
> subtitle A but which--
>
> > **(A)** does not contain information on which the substantial
> > correctness of the self-assessment may be judged, or
> >
> > **(B)** contains information that on its face indicates that the self-
> > assessment is substantially incorrect; and
>
> **(2)** the conduct referred to in paragraph (1) is due to--
>
> > **(A)** a position which is frivolous, or
> >
> > **(B)** a desire (which appears on the purported return) to delay or
> > impede the administration of Federal income tax laws,
> > then such individual shall pay a penalty of $500."

The Court rejects Defendant's contention that this portion of the Complaint should be

dismissed for a number of reasons.  First, the Court interprets Plaintiff's *pro se* challenge of

his 1997 tax return's penalty as a general attack on the assessment's propriety, rather than

an isolated criticism of IRS methods of calculation.  *See Martin v. Overton*, 391 F.3d 710,

712 (6th Cir. 2004), citing *Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d

652 (1972); *Herron v. Harrison*, 203 F.3d 410, 414 (6th Cir. 2000) (*pro se* pleadings are held

---

[1]In *Gillett v. U.S.,* 233 F.Supp.2d 874, 882 (W.D.Mich.2002), the court did not
explicitly state that it retained jurisdiction to review the penalty, but assumed "for analytical
purposes that [the] court does have subject-matter jurisdiction limited to review of the
appropriateness of the frivolous tax return penalties imposed pursuant to 26 U.S.C. § 6330(d)."

to "an especially liberal standard"); Fed.R.Civ.P. 8(f) ("All pleadings shall be so construed as to do substantial justice").

In addition, Plaintiff, referencing the 1997 tax year assessment on page 7 of his Amended Complaint, apparently disputes the Appeals office findings that he owes a $500.00 penalty for filing a frivolous return. For the purposes of his *pro se* pleading, Plaintiff has sufficiently stated a claim that he disputes the validity of the $500.00 assessment. I find that Defendant has not established that Plaintiff can prove no set of facts in support of his claim which would entitle him to relief.[2]

## IV.    CONCLUSION

For the reasons set forth above, I recommend that Defendant's Motion to Dismiss [Docket #6] be GRANTED IN PART AND DENIED IN PART as follows: that it be GRANTED to the extent it pertains to his tax deficiencies for the years 1996 and 1999, and DENIED as to the penalty incurred for the 1997 tax year.    Further, Plaintiff's motion to transfer this case to the Court of Federal Claims [Docket #8 ] should be DENIED .

Any objections to this Report and Recommendation  must be filed within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v*

---

[2]Further, Defendant's argument that 1997 tax year penalty claim should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6)is encompassed in the last three sentences of footnote 2 of its *Motion to Dismiss*, unsupported by supporting case law or exhibits.

*Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.


S/R.  Steven Whalen
R.  STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated:  July 17, 2006


CERTIFICATE OF SERVICE


The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on July 17, 2006.


S/G. Wilson
Judicial Assistant

-11-