UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ARNOLD J. KOZIKOWSKI,

Case No.  05-73424

Plaintiff,

v.

District Judge Nancy G. Edmunds
Magistrate Judge R. Steven Whalen

COMMISSIONER OF I.R.S. et al.,

Defendant.

_____ /

## REPORT AND RECOMMENDATION

Before the Court is Plaintiff's *Motion to Recommend Elizabeth Lan Davis to the U.S. Attorney for Indirect Criminal Contempt of Court*, filed on April 17, 2006 [Docket #16] which has been referred for a Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B).[1]  For the reasons set forth below, I recommend that Plaintiff's motion be DENIED.

## I.  BACKGROUND

Plaintiff filed his original complaint on September 6, 2005, seeking judicial review of an IRS Appeals Office determination pertaining to collection of his unpaid federal income

---

[1] In this case, there is no basis under 28 U.S.C. § 636(e) for a Magistrate Judge to dispose of a criminal contempt matter by order.  Rather, the Magistrate Judge must proceed by Report and Recommendation.

tax liabilities for the tax years 1996 and 1999, as well as a frivolous return penalty assessment made against him for his 1997 tax return.  On July 17, 2006, the district court adopted the undersigned's recommendation, granting Defendant's motion for dismissal regarding Plaintiff's tax deficiencies for years 1996 and 1999 and denying as to a penalty assessed for his 1997 tax return [Docket #23, 27].

On March 31, 2006, parties submitted a stipulated order, agreeing that "the caption of the United States' Motion to Dismiss in the above-referenced proceeding shall be corrected from 'Arthur Kozikowski' to 'Arnold J. Kozikowski' . . ." [Docket #12].  On April 5, 2006, counsel for Defendant, Elizabeth Lan Davis, filed a reply in connection with Defendant's dismissal motion, referring to Plaintiff as "Arthur J. Kozikowski" [Docket #13].  Plaintiff asks for criminal contempt sanctions based on the theory the government attorney called him "Arthur," rather than "Arnold."

## II.  ANALYSIS

The Supreme Court has deemed the contempt sanction "the most prominent" of the federal courts inherent powers.  *Roadway Exp., Inc. v. Piper,* 447 U.S. 752, 764-765, 100 S.Ct. 2455, 2463, 65 L.Ed.2d 488 (1980).  However, "[b]ecause inherent powers are shielded from direct democratic controls, they must be exercised with restraint and discretion. *See Gompers v. Bucks Stove & Range Co.*, 221 U.S. 418, 450-451, 31 S.Ct. 492, 501-502, 55 L.Ed. 797 (1911); *Green v. United States*, 356 U.S. 165, 193-194, 78 S.Ct. 632, 648, 2 L.Ed.2d 672 (1958) (Black, J., dissenting)." *Id*. 447 U.S.  at 764, 765.

Pursuant to 18 U.S.C. § 401(3), the Court must establish the following conditions

before imposing criminal sanctions. "First, the court's 'writ, process, order, rule, decree or command' must be resisted or disobeyed. Second, the act of disobedience or resistance must be 'a deliberate or intended violation, as distinguished from an accidental, inadvertent or negligent violation'" which may be inferred "if a lawyer's conduct discloses a reckless disregard for his professional duty." *In re Smothers* 322 F.3d 438, 441 -442 (6th Cir. 2003);18 U.S.C. § 401(3)(internal citations omitted). Further, "the deliberate or intended violation needs to be proved beyond a reasonable doubt." *Id*. at 442. In all but extraordinary circumstances, Federal Rule of Civil Procedure 42(b) mandates the procedure for issuing criminal sanctions. *Id*.

Not even under the most expansive definition of the term could an obvious typographical error be considered criminal contempt. Ms. Davis, acknowledging her error, re-filed her reply brief, changing the caption from "Arthur" to "Arnold." *See* Docket #14 at footnote 1. Plaintiff does not allege any substantive factual or legal misstatements in the government's pleadings, nor has the Court found any such misstatements. Indeed, since the present motion was filed, this Court has granted the motion to dismiss as to most of the Plaintiff's claims. Thus, there is no basis in law or fact to find the government's attorney liable for either criminal contempt or sanctions under Fed. R. Civ. P. 11.[2]

## IV.   CONCLUSION

For the reasons set forth above, I recommend that Plaintiff's motion [Docket #16] be

---

[2]In any event, Plaintiff has not complied with the "safe harbor" provision of Rule 11.

DENIED .

Any objections to this Report and Recommendation  must be filed within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v Walters,* 638 F.2d 947 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated:  December 1, 2006

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or

-4-

parties of record by electronic means or U.S. Mail on December 1, 2006.

                                        s/Susan Jefferson_____
                                        Case Manager