UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ARNOLD J. KOZIKOWSKI,

                                                Case No. 05-73424

            Plaintiff,

v.                                         District Judge Nancy G. Edmunds
                                         Magistrate Judge R. Steven Whalen

COMMISSIONER OF I.R.S. et al.,

        Defendant.
_____/

**REPORT AND RECOMMENDATION**

Before the Court is Defendant's *Motion for Summary Judgment* [Docket #39], filed on December 11, 2006 which has been referred for Report and Recommendation pursuant to 28 U.S.C. §636(b)(1)(B). For the reasons set forth below, I recommend that Defendant's motion be GRANTED.

        **I.    FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff filed suit on September 6, 2005, seeking judicial review of an IRS Appeals Office determination pertaining to collection of his unpaid federal income tax liabilities for the tax years 1996 and 1999, as well as a frivolous return penalty assessment made against him for his 1997 tax return. On October 5, 2006, the district court adopted my recommendation to dismiss Plaintiff's claims regarding his 1996 and 1999 returns, finding

that Tax Court was the proper jurisdiction for those claims. [Docket #23, 33]. The district court also adopted the recommendation to *deny* the motion to dismiss as it pertained to the $500 penalty assessed against his 1997 tax return, on the basis that the claim was pled sufficiently to survive Defendant's Fed. R. Civ. P. 12(b) motion. The recommendation further noted that Defendant had limited its discussion of the 1997 penalty to one footnote [Docket #23 at 4-6 *referencing* Docket #6 at 2, footnote 2]. On November 30, 2006, the district court granted Defendant's two-week enlargement of the dispositive motion deadline on the basis that documentation supporting its contention that Plaintiff filed a frivolous 1997 return was archived at the Federal Records Center in Kansas City, Missouri. [Docket #35, 36]. Defendant filed the instant motion on December 11, 2006.

## II. STANDARD OF REVIEW

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c). To prevail on a motion for summary judgment, the non-moving party must show sufficient evidence to create a genuine issue of material fact. *Klepper v. First American Bank*, 916 F.2d 337, 341-42 (6th Cir. 1990). A mere scintilla of evidence is insufficient; "there must be evidence on which the jury could reasonably find for the [non-moving party]." *Id.* (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Entry of summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element

essential to that party's case, and on which that party will bear the burden of proof at trial."

*Celetox Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

### III.   ANALYSIS

### Frivolous Return Penalty

Defendant contends that it is entitled to judgment as a matter of law, arguing that Plaintiff's contention that the frivolous return penalty was mathematically incorrect, along with the argument that his wages and retirement distribution were not taxable sources, stands unsupported by either statutory law or the facts in question.[1]  *Docket #39* at 10.

This Court reviews the IRS Appeals Office decision for an abuse of discretion.  *See Living Care Alternatives of Utica, Inc. v. U.S.,* 411 F.3d 621, 625 (6th Cir. 2005) (*de novo* review is appropriate "with respect to decisions about the underlying tax liability" and "abuse of discretion with respect to all other decisions.")[2]

---

[1] Defendant, apparently conceding this Court's jurisdiction to determine whether Plaintiff filed a frivolous tax return, argues however that the Court lacks jurisdiction over this claim to the extent that it is construed as a claim for a refund, damages, or compensatory relief.  26 U.S.C. §§ 7422(a), 7433(d)(1); 28 U.S.C. §1346(a)(1).  These arguments, thoroughly discussed in this Court's previous Report recommending dismissal of Plaintiff's claims pertaining to tax years 1996 and 1999, need not be revisited since more fundamentally, Defendant has now provided abundant and overwhelming evidence that Plaintiff filed a frivolous return for tax year 1997.  26 U.S.C. § 6702 (a).

[2] In any case, *de novo* review "would make no difference in the Court's analysis. A zero return is patently frivolous and clearly worthy of a civil penalty." *Dibble v. U.S.,* 2006 WL 1851240, *2, FN 2 (W.D.Mich.2006); *Turner v. United States,* 372 F.Supp.2d 1053, 1060-61 (S.D.Ohio 2005); *Gillett v. United States,* 233 F.Supp.2d 874, 881 (W.D.Mich.2002).

26 U.S.C. § 6702 (a) states in pertinent part:

"If . . . .

(1) any individual files what purports to be a return of the tax imposed by subtitle A but which--
    **(A)** does not contain information on which the substantial correctness of the self-assessment may be judged, or
    **(B)** contains information that on its face indicates that the self-assessment is substantially incorrect; and
(2) the conduct referred to in paragraph (1) is due to--
    **(A)** a position which is frivolous, or
    **(B)** a desire (which appears on the purported return) to delay or impede the administration of Federal income tax laws, then such individual shall pay a penalty of $500."

On April 17, 2001, Plaintiff filed a W-2 Wage and Tax Statement showing $75,202.62 in wages, tips, and other compensation and a Form 1099R (*Distributions from Pensions, Annuities, Retirement or Profit Sharing Plans*), along with a Form 843 requesting a refund of $13,111.30, plus interest, for the 1997 tax year. *Docket #39*, Exhibit A. Plaintiff premised his entitlement to a refund on the basis that his employer and retirement plan had "erroneously" withheld taxes based on the above income, characterizing those earnings as "not taxable sources." *Id.* After Plaintiff disregarded IRS's request for further information (Forms 2297 and 3363) he received an assessment in the amount of $500.00. *Id.* at Exhibit F. On May 19, 2004, Plaintiff requested a collection due process ("CDP") hearing, arguing that the penalty, assessed pursuant to 26 U.S.C. § 6702 (a)(2)(B) was "mathematically incorrect." *Id.* at Exhibits D, E. On August 9, 2005 the IRS issued a Notice of Determination finding that Plaintiff's positions "have no merit and are groundless." *Id.* at Exhibit E.

I agree. Although for the purposes of pleading, "the Court interpret[ed] Plaintiff's *pro se* challenge of his 1997 tax return's penalty as a general attack on the assessment's propriety, rather than an isolated criticism of IRS methods of calculation," Defendant has since provided ample evidence that Plaintiff's claim was indeed frivolous. *Kozikowski v. C.I.R.*, 2006 WL 3298323, *4 (E.D.Mich.2006). "Courts uniformly have rejected as frivolous the arguments that money received in compensation for labor is not taxable income." *Sullivan v. U.S.,* 788 F.2d 813, 815 (1st Cir. 1986). *See also Sisemore v. U.S.,* 1986 WL 16349, *1 (6th Cir. 1986)("The courts which have considered this position have uniformly rejected it as patently without merit, the assertion of which has also fully justified the penalty allowed under 26 U.S.C. § 6702.); *Hyslep v. United States*, 765 F.2d 1083 (11th Cir. 1985); *Spencer v. Social Sec. Admin.* 2006 WL 695782, *3 (E.D.Mich.2006) ("Plaintiff's claims are among an array of shopworn and quixotic arguments, having currency among so-called 'tax protestors,' but without any support in the law."); *United States v. Mundt,* 29 F.3d 233, 237 (6th Cir.1994) (finding this type of argument "completely without merit and patently frivolous"). In the face of conclusive evidence that Plaintiff's submission was both "substantially incorrect" and frivolous, Defendant's motion for summary judgment should be granted, and the Complaint dismissed.

## IV. CONCLUSION

For the reasons set forth above, I recommend that Defendant's motion [Docket #39] be GRANTED and the Complaint dismissed with prejudice.

Any objections to this Report and Recommendation must be filed within ten (10) days

of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

S/R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated: May 31, 2007

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on May 31, 2007.

S/G. Wilson
Judicial Assistant

1.

1.